UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TOM WORTHEN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. G-09-236 |
| § | |
| GALVESTON INSURANCE ASSOCIATES, § | |
| *et al*, § | |
| § | |
| Defendants. § | |

## AMENDED MEMORANDUM AND ORDER

**I.   INTRODUCTION**

Before the Court is the defendant, Fidelity National Property and Casualty Insurance Company's (Fidelity) motion to dismiss[1] (Document No. 17) and the plaintiff, Tom Worthen's, response (Document No. 23). The Court has reviewed the pleadings, motion and the appendix of the defendant and, as well, the plaintiff's response and determines that Fidelity's motion is meritorious and, therefore, should be granted.

**II.   FACTUAL BACKGROUND**

On or about August 10, 2007, the plaintiff purchased a flood insurance policy on his house located on Sandpiper Street in Jamaica Beach, Texas. The effective dates were August 10, 2007 to August 10, 2008. The policy was placed by/through Galveston Insurance Associates and issued by Fidelity pursuant to the Write Your Own Federal Insurance Program [WYO] *i.e.,* the National Flood Insurance Program [NFIP] administered through the Federal Emergency Management Agency [FEMA]. The policy expired on August 10, 2009, at 12:01 a.m. However, prior to the policy expiration, Fidelity forwarded a Renewal Notice to the plaintiff in June of

---

[1] On September 9, 2010, the plaintiff and the defendant, Galveston Insurance Associates, announced that all claims that the plaintiff asserts against GIA have been resolved.

2009. The plaintiff does not dispute receiving this notice and, in fact, admits that he received both a Notice of Expiration and a Notice of Renewal. *See* [Appendix: Exhibit 6, Bates page 41]. The plaintiff, upon receipt of Fidelity's notice, faxed a copy to Galveston Insurance Associates [GIA], his agency. On or about August 22, GIA forwarded an expiration letter to the plaintiff reminding him that his flood policy had expired on August 10. GIA's notice followed on the heels of Fidelity's notice of expiration.

On August 27, GIA contacted the plaintiff by telephone and informed him that it had not received his renewal payment. On September 3, however, the plaintiff promised GIA that he would send the payment. He did not. Then, on September 9, a series of telephone calls between the plaintiff and GIA occurred, when finally the payment was made. On September 11, Fidelity issued its flood policy, effective October 9, 2008 to October 9, 2009. Then on September 13, the plaintiff's property sustained damage caused by Hurricane Ike. The plaintiff made a claim for flood damages and Fidelity denied the claim indicating that there was no coverage. The plaintiff brought this suit in September of 2009 against Fidelity and GIA.

### III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Under the demanding strictures of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964. Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964 - 65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" *Ashcroft*, ---U.S. ----, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the Court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563, 1969 n.8

(citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## IV. ANALYSIS AND DISCUSSION

Fidelity contends that the plaintiff's extra-contractual claims for unfair or deceptive insurance policies, deceptive trade practices, promissory estoppel, negligent misrepresentation, negligence, knowledge and attorneys fees are barred and preempted by federal constitutional, statutory and regulatory law. Fidelity cites to innumerable cases as authority for this proposition, two of which the Court finds dispositive. *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005) and *Heckler v. Community Health Services of Crawford County, Inc.,* 467 U.S. 51 (1984).

The plaintiff does not dispute that the issue is whether his extra-contractual and tort claims are preempted and barred by federal law. Nevertheless, he seeks to distinguish between "procurement-based claims" against the insurer and "claims handling disputes" against the insurer. The plaintiff concedes that any of his extra-contractual claims associated with "claims handling" are barred and, therefore preempted by federal law. However, he argues, his "procurement-based" claims are not preempted by federal law and cites particularly to *Campo v. Allstate Insurance Co.,* 562 F.3d 751 (5th Cir. 2009) and *Goodman v. Fidelity National Ins. Co.* 2008 WL 3863905, at *3 (E.D. La. 2008). The Court is of the opinion that these cases do not support the plaintiff's suit and are irrelevant to the resolution of the dispute between the plaintiff and Fidelity.

The National Flood Insurance Program was established for the purposes of "substantially increas[ing] the limits of coverage authorized under the National Flood Insurance Program [NFIP] and to "require State and local communities, as a condition of future federal assistance, to participate in the flood insurance program and to adopt adequate flood plain ordinances . . . to

avoid future flood losses." *See Santangelo v. State Farm & Fire Cas. Ins. Co.*, 2007 WL 1655549 (E.D. La. 2007), citing to 42 U.S.C. § 4002(b)(1) and (3). In 1983, FEMA promulgated regulations that provided for claims adjustment by private insurers operating as WYO's. *See Id.* (citing 44 C.F.R. §§ 61.13(f), 12.23(a)). As well, the WYO companies, such as Fidelity, cannot alter the terms of the SFIP, *see* 44 C.F.R. §§ 61.4(b), 61.13(d), and the insured is charged by law with constructive knowledge of the content of the SFIP. *See* 44 C.F.R. Pt. 61, App. A; 52 U.S.C. §§ 4013 and 4019. As a result, an insured cannot rely upon the representation of an agency or WYO companies concerning the terms of a SFIP. *See Heckler*, 467 U.S. at 63.

In the case at bar, the plaintiff contends that his suit seeks to recover based on procurement-based claims, therefore, his suit is not preempted. In this argument, the plaintiff is in error. At the outset, it must be noted that the premium paid by the plaintiff was remitted to the Flood Insurance Administration. *See* 44 C.F.R. Pt. 62, App. A, Article VII(b). And, it is from this fund that claims are paid. Therefore, to the extent that any policy issued, FEMA becomes the insured, even though Fidelity issued the policy. As such, there is no common law claim for insurance coverage that the plaintiff can make that is not preempted under the facts of this case.

The plaintiff's argument that his claim is one based in procurement fails. The SFIP states that, "[M]ortgage protection under the policy shall continue in force after the expiration of the policy for 30 days after the mailing date." *See* [SFIP, Policy Renewals para. IV, Final Notice]. And, when the premium payment is received within 30 days of the policy expiration, the same policy will issue. *Id.* at [SFIP para. V., Renewal]. Therefore, on September 9, the plaintiff was covered by his expired policy and qualified for a reissued policy under the same policy number and the previous terms, save an inflation factor. *Id.* at [para. II]. Hence, the plaintiff has no procurement claim(s) since he had coverage. The plaintiff's asserted procurement claims are,

therefore, preempted. *See Wright*, 415 F.3d 384. Fidelity issued its "Endorsement Payment Transmitted" on September 9, indicating receipt of the plaintiff's payment of $600. That was the 30th day and a premium payment made on the 30th day is timely. The fact that Fidelity issued a policy effective October 10, does not alter this result.

**V.    CONCLUSION**

It is, therefore, ORDERED that Fidelity's motion to dismiss the plaintiff's extra-contractual claims be, and it is hereby, Granted.

SIGNED at Houston, Texas this 14th day of September, 2010.

_____
Kenneth M. Hoyt
United States District Judge